IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| V. | § | CRIMINAL NO. H-07-38 |
| BENJAMIN ROSALES | § | |
| SERGIO PEREZ | § | |
| JEROME BELL | | |
| RENE GARZA | | |
| FREDERICK TIPPETT | | |

## ORDER OF DETENTION PENDING TRIAL

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts are established by clear and convincing evidence and require the detention of the above-named defendants pending trial in this case.

### Findings of Fact

[ ] A.  Findings of Fact [18 U.S.C. § 3142(e), § 3142(f)(1)].

    [ ] (1)    The defendants have been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

        [ ]    a crime of violence as defined in 18 U.S.C. § 3156(a)(4).

        [ ]    an offense for which the maximum sentence is life imprisonment or death.

        [ ]    an offense for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. ( ) § 801 et seq. ( ) § 951 et seq. ( ) § 955(a).

        [ ]    a felony that was committed after the defendants have been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.

[ ] (2) The offense described in finding 1 was committed while the defendants were on release pending trial for a federal, state or local offense.

[ ] (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendants from imprisonment) for the offense described in finding 1.

[ ] (4) Findings Nos. 1, 2, and 3 establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community. I further find that the defendants have not rebutted this presumption.

[X]   B.   Findings of Fact [18 U.S.C. § 3142(e)]

    [X] (1)   There is probable cause to believe that the defendants have committed an offense

        [X]   for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C.
(X) § 801 et seq. ( ) § 951 et seq. ( ) § 955(a).

        [ ]   under 18 U.S.C. § 924(c).

    [X] (2)   The defendants have not rebutted the presumption established by the finding under B.(1) that no condition or combination of conditions will reasonably assure the appearance of the defendants as required and the safety of the community.

[x]   C.   Findings of Fact [18 U.S.C. § 3142(f)(2)]

    [ ] (1)

    [x] (2) There is a serious risk that the defendants will flee.

    [ ] (3)

    [ ] (4) There is a serious risk that the defendants will (obstruct or attempt to obstruct justice) (threaten, injure, or intimidate a prospective witness or juror, or attempt to do so).

[x]   D.   Findings of Fact [18 U.S.C. § 3142(c)]

    [ ] (1) As a condition of release of the defendants, bond was set as follows:
Defendants have stated that they are financially unable to meet this condition of release. The Court has been asked to reconsider. I have concluded that the bond requirement is the only condition of release that could assure the appearance of the defendants. I find that the amount of bond is reasonable and necessary.

[ ] (2)

[x] (3) I find that there is no condition or combination of conditions set forth in 18 U.S.C. § 3142(c) which will reasonably assure the appearance of the defendants as required.

[ ] (4)

[ ] (5) I find that there is no condition or combination of conditions set forth in 18 U.S.C. § 3142(c) which will reasonably assure the safety of any other person or the community.

<u>Written Statement of Reasons for Detention</u>

**I find that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence that:**
Benjamin Rosales, Sergio Perez, Jerome Bell, Rene Garza, and Frederick Tippett have been charged by Indictment with drug trafficking activities. The above defendants have all been charged with conspiracy to possess with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. § 841(a)(1), 841(b)(1)(A)(ii) and 846 (count one). Counts two and four charge aiding and abetting possession with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. § 841(a)(1), 841(b)(1)(A)(ii), and 18 U.S.C. § 2 (counts two and four). Counts three and five charge aiding and abetting possession with intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. 841(a)(1), 841(b)(1)(B)(ii) and 18 U.S.C. § 2 (counts three and five). Benjamin Rosales has been charged in count 1. Sergio Perez has been charged in count 1. Jerome Bell has been charged in count 1. Rene Garza has been charged in count 1. Frederick Tippett charged in count 3. The grand jury has made a probable cause determination that the above listed defendants committed the offenses alleged in the Indictment.

**I conclude that the following factors specified in 18 U.S.C. § 3142(g) are present and are to be taken into account:**
Evidence presented at a detention hearing shows that Benjamin Rosales, Sergio Perez, Jerome Bell, Rene Garza, and Frederick Tippett participated in drug trafficking activities. Every person charged in the conspiracy except for Frederick Tippett has been recorded on the Title III intercepts. There are Title III intercepts for the duration of the investigation, March 2006 to February 2007. In addition, there was an almost constant surveillance of the defendants during the duration of the investigation.

Benjamin Rosales was seen on surveillance delivering 3 kilograms of cocaine to Rigoberto Rodriguez. Rosales' involvement in the conspiracy was corroborated by Title III intercepts of conversations. According to Title III intercepts, Rosales 2 to 3 times a week, delivered 4 to 5 kilograms of cocaine. Money was referred to on the Title III intercepts as "change." Part of the $208,000 that was seized by law enforcement belonged to Rosales. Rosales received money, that

he subsequently put on a bus that was going to Mexico. Surveillance and Title III intercepts show that Rosales' role in the offense was as a distributor for Joey Herrera and to obtain proceeds to send back to Mexico. In addition to the Title III intercepts, there were conversations, in which the parties consented to the recording of the conversation. Rosales has family ties to the community. He is self employed. Rosales' criminal history includes numerous felony convictions. Rosales is on active parole until September 14, 2010. The Texas Parole Office intends to revoke his parole status due to the instant offense. Rosales' drug trafficking activities while on state parole demonstrate an unwillingness or inability to comply with release conditions. There is strong evidence of guilt in this case, and a high likelihood that Rosales will be sentenced to a lengthy prison term, which contributes to the risk of flight.

Sergio Perez' involvement in the conspiracy was shown through surveillance and Title III intercepts. Joey Herrera instructed Sergio Perez to distribute cocaine and to collect the drug proceeds. Perez was involved in transactions involving dozens of kilograms of cocaine. Perez' brother, Leo Perez, is the Mexican cell leader, and is a co-defendant in the instant action. There is an outstanding murder warrant for Leo Perez. Perez was not seen in possession of a controlled substance and no controlled substance was seized from him. Perez has family ties to the community. He also has family ties to Mexico. Perez is employed by his father-in-law. Perez' criminal history includes a felony conviction for engaging in organized criminal activity. He was sentenced to six years deferred adjudication on January 11, 1996. On May 24, 1996, Perez' probation was revoked and he was sentenced to 2 years confinement at the Texas Department of Criminal Justice Institutional Division. Perez was on parole when he was convicted of a felony burglary offense. Perez possess assault rifles. As a convicted felon, Perez is not allowed to possess firearms. This demonstrates an unwillingness or inability to comply with release conditions. There is strong evidence of guilt in this case, and a high likelihood that Perez will be sentenced to a lengthy prison term, which contributes to the risk of flight.

Jerome Bell was recorded in Title III intercepts and was observed during surveillance. Bell was directed by Joey Herrera to distribute cocaine on 5 separate occasions. Bell distributed multiple kilograms of cocaine and picked up drug proceeds at the direction of Joey Herrera. Bell has family ties to the community. His employment is unstable. Bell's criminal history includes a federal felony drug conviction. On July 22, 1992, Bell was sentenced to a term of imprisonment of 72 months, to be followed by a five year term of supervised release. Bell also has a state felony drug conviction. There is strong evidence of guilt in this case, and a high likelihood that Bell will be sentenced to a lengthy prison term, which contributes to the risk of flight.

Rene Garza was recorded in Title III intercepts and observed during surveillance. Garza received 10 kilograms of cocaine from Rigoberto Rodriguez. Garza took the 10 kilograms of cocaine to Jerome Bell's house, located at 7663 Dixie Drive. Surveillance observed Garza obtaining the 10 kilograms of cocaine for Joey Herrera and picking up money. Garza was recorded on 9 Title III intercepts. When Garza was arrested he had $6,000 in cash. Following Garza's arrest, his wife contacted his brother in Mexico to warn him about the DEA arrests. Garza was born in Mexico and is a legal resident alien. He frequently travels to Mexico. Garza could be deported from the United States if convicted of the instant offense, after serving a prison term. This enhances the risk of flight. Garza is self-employed. Garza uses cocaine. Garza's criminal history includes a felony conviction for auto theft. He was sentenced to five years deferred adjudication, which was revoked because he failed to report. This demonstrates an inability or unwillingness to comply with release conditions.

Frederick Tippett was observed during surveillance. Tippett was a customer. He bought two

kilograms of cocaine from Reginald Thornton. When Tippett was arrested, he used a vehicle as a weapon and totaled an agent's car. He ran from unmarked units and vehicles with lights and sirens activated, and accelerated toward another agent. Tippett was shot by an agent when he hit their car. He was shot in the upper torso. Tippett has family ties to the community. His employment has been unstable. Tippett has been charged with felony possession of a controlled substance in Brazoria, Texas. He is on bail for that offense. There is strong evidence of guilt in this case, and a high likelihood that Tippett will be sentenced to a lengthy prison term, which contributes to the risk of flight.

The presumption of flight and danger to the community were not rebutted at the detention hearing. Accordingly, having determined that there are no standard conditions of release to assure the appearance of the Defendants at all future court proceedings in this matter, the Court ORDERS that Defendants Benjamin Rosales, Sergio Perez, Jerome Bell, Rene Garza, and Frederick Tippett be DETAINED pending further proceedings in this matter.

## Directions Regarding Detention

It is therefore ORDERED that the defendants are committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendants shall be afforded a reasonable opportunity for private consultation with defense counsel. On Order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendants to the United States Marshal for the purpose of an appearance in connection with all court proceedings.

Signed at Houston, Texas, this 9th day of March 2007

FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE